**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| **HUSTEEL CO., LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Court No. 22-00143** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Husteel Co., Ltd. ("Plaintiff" or "Husteel"), by and through its counsel, hereby alleges and states as follows:

**JURISDICTION**

1.      Husteel brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest certain aspects of the final results of the 2019-2020 administrative review of the antidumping duty order on Oil Country Tubular Goods From the Republic of Korea, Case No. A-580-870, issued by the International Trade Administration of the United States Department of Commerce ("Commerce").  *See Certain Oil Country Tubular Goods From the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 20,815 (Dep't Commerce Apr. 8, 2022) ("*Final Results*") and accompanying Issues and Decision Memorandum.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this action is commenced pursuant to 19 U.S.C. § 1516a.

## STANDING

3.      Husteel requested an administrative review, but was not selected for individual examination by Commerce and thus is subject to the "non-examined company" antidumping duty rate that is based on the average of the rates calculated for the two mandatory respondents. Husteel participated in the administrative proceeding leading to the *Final Results* by entering an appearance, filing an application to be under the administrative protective order, and by filing comments and briefs in connection with certain aspects of that decision.  Husteel is a Korean producer and exporter of the subject oil country tubular goods ("OCTG").  Therefore, Husteel is an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  Accordingly, Husteel has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.      On April 8, 2022, Commerce published in the *Federal Register* the final results of the 2019-2020 administrative review of the antidumping duty order.  *Final Results*, 87 Fed. Reg. 20,815.  On May 9, 2022, Husteel timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and Husteel is timely filing the Complaint today within thirty days of the filing of the Summons.  The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of the U.S. Court of International Trade.

## STATEMENT OF FACTS

5.      On October 30, 2020, Commerce initiated the 2019 administrative review of the antidumping duty order on oil country tubular goods ("OCTG") from the Republic of Korea. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 85 Fed. Reg.

68,840 (Dep't Commerce Oct. 30, 2020). Commerce's period of review ("POR") was September 1, 2019, through August 31, 2020.

6.    On December 18, 2020, Commerce issued a memorandum stating that it had selected Hyundai Steel Company ("Hyundai Steel") and SeAH Steel Corporation ("SeAH") as mandatory respondents in the 2019-2020 administrative review.

7.    On September 29, 2021, Commerce issued its preliminary results of the 2019-2020 administrative review. *See Certain Oil Country Tubular Goods from the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019–2020*, 86 Fed. Reg. 54,928 (Dep't Commerce Oct. 5, 2021) ("*Preliminary Results*"), and accompanying unpublished Decision Memorandum for the Preliminary Results of the 2019-2020 Administrative Review (Dep't Commerce Sept. 29, 2021). In its *Preliminary Results*, Commerce calculated antidumping duty margins of 19.38 percent ad valorem for Hyundai Steel and 3.85 percent ad valorem for SeAH. *Id.* at 54,929. As part of its *Preliminary Results*, Commerce assigned a preliminary antidumping duty rate of 11.62 percent *ad valorem* to 30 non-examined companies, including Husteel, based on the average of the rates calculated for Hyundai Steel and SeAH.

8.    In November 2021, interested parties, including Husteel, submitted case and rebuttal briefs addressing issues in the *Preliminary Results*, including, *inter alia*, objections to Commerce's methodology for calculating constructed value ("CV") profit and selling expenses and constructed export price ("CEP") profit for Hyundai Steel based on the business proprietary third-country sales data of SeAH. Husteel argued that as a non-selected respondent it supports and incorporates the arguments on these issues raised by the mandatory respondents.

9.      On April 8, 2022, Commerce published its *Final Results* in which it calculated antidumping duty margins of 19.54 percent ad valorem for Hyundai Steel and 3.85 percent ad valorem for SeAH. *See Final Results*, 85 Fed. Reg. at 20,816. Commerce also assigned a final antidumping duty rate of 11.70 percent *ad valorem* to the non-examined companies, including Husteel, based on the average of the final rates calculated for the two mandatory respondents. *Id*. The legal bases for Commerce's Final Results were set forth in an unpublished Issues and Decision Memorandum dated April 1, 2022.

## STATEMENT OF CLAIMS

10.      Commerce's *Final Results* are unsupported by substantial record evidence and otherwise not in accordance with law in the following respects:

## COUNT I

11.      Paragraphs 1 through 10 of this Complaint are incorporated herein by reference.

12.      The final review-specific average rate of 11.70 percent *ad valorem* that Commerce calculated for all non-examined companies subject to the review, including Husteel, derived from the final antidumping duty margins that Commerce calculated for the two mandatory respondents in the 2019-2020 administrative review, *i.e*., Hyundai Steel and SeAH. Hyundai Steel has filed a summons and complaint challenging certain aspects of Commerce's calculation of its individual margin. *See* Court No. 22-00138. These challenged aspects of Commerce's Final Results include:

(A) Commerce's determination to calculate Hyundai Steel's CV profit and selling expenses using the business proprietary information of the other mandatory respondent, SeAH, related to SeAH's third-country sales to Kuwait, is not supported by substantial evidence and is otherwise not in accordance with law;

(B) Commerce's failure to calculate, or attempt to calculate, a CV profit rate cap as expressly required by statute, is not supported by substantial evidence and is otherwise not in accordance with law;

(C) Commerce's decision to use the profits earned on SeAH's third-country sales to Kuwait as the basis for calculating CEP profit for Hyundai Steel, which was the same flawed source that Commerce used for CV profit, is not supported by substantial evidence and is otherwise not in accordance with law;

(D) Commerce's determination to increase the numerator and decrease the denominator of the general and administrative expense ratio of Hyundai Steel's U.S. affiliate (HSU) to account for the cost of goods sold of rejected pipes that HSU sold to an unaffiliated U.S. customer is not supported by substantial evidence; and

(E) Commerce's determination to apply neutral facts available to the calculation of HSU's yield loss on further manufacturing operations is not supported by substantial evidence and is otherwise not in accordance with law.

13.    Husteel challenges these and all other aspects of Commerce's determination and resulting calculation adjustments for Hyundai Steel as these issues directly impacted the final antidumping duty rate applicable to Husteel. In that regard, Husteel concurs with the complaint already filed by Hyundai Steel in its separate appeal to this Court. Because Husteel's antidumping duty margin was based, in part, on the final weighted-average dumping margin calculated for Hyundai Steel, Husteel's final antidumping duty margin likewise is not supported by substantial evidence or otherwise in accordance with law.

## REQUEST FOR RELIEF

For the foregoing reasons, Husteel respectfully requests that this Court hold Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law. Therefore, Husteel respectfully requests that this Court remand the *Final Results* to Commerce to correct the errors set forth in this complaint and provide other such relief as this Court deems appropriate.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

MORRIS MANNING & MARTIN LLP
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
(202) 216-4811

Dated:  May 16, 2022                    *Counsel to Husteel Co., Ltd.*